Grooms-Yarboro v Carter (2023 NY Slip Op 00778)

Grooms-Yarboro v Carter

2023 NY Slip Op 00778

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND MONTOUR, JJ.

967 CA 21-01597

[*1]MARGARET GROOMS-YARBORO, PLAINTIFF-APPELLANT,
v
DAVID CARTER AND MARIA MACKIN, DEFENDANTS-RESPONDENTS. 

CAMPBELL & ASSOCIATES, HAMBURG (JASON M. TELAAK OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
OSBORN, REED & BURKE, LLP, ROCHESTER (MICHAEL C. PRETSCH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered October 25, 2021. The order denied plaintiff's motion seeking, inter alia, a protective order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this personal injury action arising from injuries plaintiff allegedly sustained when she slipped and fell in a parking lot owned by defendants, plaintiff appeals from an order denying her motion for a protective order pursuant to CPLR 3103 (a) and/or the appointment of a judicial hearing officer or referee to supervise discovery. The motion sought to preclude defendants from asking plaintiff questions at her deposition about the extent and nature of various preexisting medical conditions identified in her medical records.
"It is well settled that the court is invested with broad discretion to supervise discovery . . . , and only a clear abuse of discretion will prompt appellate action" (Mosey v County of Erie, 148 AD3d 1572, 1573 [4th Dept 2017] [internal quotation marks omitted]; see Castro v Admar Supply Co., Inc. [appeal No. 2], 159 AD3d 1616, 1617 [4th Dept 2018]). Here, we conclude that, given the elements of damages requested by plaintiff in her bill of particulars, Supreme Court did not abuse its broad discretion in denying plaintiff's motion (see generally Castro, 159 AD3d at 1618).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court